The defendant was charged with receiving stolen property, G. L. c. 266, § 60 ; larceny of a motor vehicle, subsequent offense, G. L. c. 266, § 28(a ) ; and unlawful possession of fireworks, G. L. c. 148, § 39, after the police executed a search warrant on a storage unit he was renting. The defendant moved to suppress the fruits of the search, arguing that the search was not supported by probable cause, and the judge allowed the motion. The Commonwealth appealed. We reverse.
Facts. The search warrant was supported by an affidavit of Officer Gregory W. Smith and a document provided by Uncle Bob's Self Storage (Uncle Bob's), where the defendant rented his storage unit. Officer Smith averred that, on December 11, 2014, he had been told by a named confidential informant, a former cell mate of the defendant at a correctional facility, that the defendant had brought the informant to unit E39 on December 6, 2014. According to the informant, the defendant showed him at least three dirt bikes and told him that they were stolen and for sale. The informant provided Officer Smith with his contact information and date of birth, and he offered to testify in court concerning the information he provided. The next day, Officer Smith went to Uncle Bob's and inquired about the unit. The manager at Uncle Bob's told him that the defendant had recently vacated unit E39. Officer Smith entered the unit and observed "multiple sets of tire tracks across the floor ... consistent with dirt bike tire patterns." The manager then provided Officer Smith with a document indicating that the defendant had vacated unit E39 on November 29, 2014, and had moved to unit C03. Later that day (December 12), Officer Smith obtained and executed a search warrant on unit C03. He found several dirt bikes and dirt bike parts, as well as some fireworks.
Analysis. "[A] search warrant may issue only on a showing of probable cause." Commonwealth v. Anthony, 451 Mass. 59, 68 (2008). "[W]e review the motion judge's probable cause determination de novo." Commonwealth v. Tapia, 463 Mass. 721, 725 (2012) (quotation omitted). Probable cause exists only if "the facts contained in an affidavit, and reasonable inferences that may be drawn from them, [are] sufficient for the magistrate to conclude that the items sought are related to the criminal activity under investigation, and that they reasonably may be expected to be located in the place to be searched at the time the warrant issues." Anthony, supra (quotations omitted).
Here, the informant's tip was essential to any expectation that items relating to criminality would be found in unit C03. Thus, the crucial question, as the lower court and the parties recognize, is the reliability of the informant's information. This is evaluated under the two-pronged Aguilar-Spinelli test. See Commonwealth v. Upton, 394 Mass. 363, 374-376 (1985). First, the Commonwealth must demonstrate that the informant had a sufficient basis of knowledge. We hold that this prong was satisfied. Second, the Commonwealth must demonstrate the informant's veracity. See id. at 374-375.
The defendant argues on appeal, and the judge below held, that a discrepancy between the informant's statements and the Uncle Bob's document vitiates the informant's veracity: the informant told Officer Smith that he had visited the defendant's E39 unit on December 6, but the document reveals that the defendant moved out of that unit on November 29. We agree with the defendant that this discrepancy reduces the informant's veracity to some extent, but hold, given the totality of the circumstances, that the informant was still sufficiently veracious for his information to support a finding of probable cause.[1]
While we will assume the informant did not visit unit E39 when he said he did, his knowledge of the unit number strongly supports an inference that he visited the unit at some point after the defendant started renting it in October of 2014.[2] The existence of tire tracks consistent with dirt bike tracks in unit E39 on December 12, 2014, corroborates the informant's statements that he had seen dirt bikes there, and indicates they were recently in the unit. Finally, the informant was named, gave Officer Smith his contact information, and offered to cooperate with the police in subsequent proceedings, which substantially bolstered his veracity, and thus his statement that the defendant told him the bikes were stolen. See Commonwealth v. Alvarez, 422 Mass. 198, 205 (1996) (named informants have "inherent reliability"). This is sufficient to support a finding of probable cause. Therefore, the order allowing the defendant's motion to suppress is reversed.
So ordered.
Reversed.

The Commonwealth advances several speculative explanations for the discrepancy. We do not credit any of them and hold that probable cause exists despite the Commonwealth's inability to explain the discrepancy.

Although the Uncle Bob's document is ambiguous as to when in October the defendant moved in, the move-in date is most likely October 27. The "Start Date" is listed as October 1. However, the "Original Move" and "Space Moved In" dates are listed as October 27, and the document indicates that the defendant made a payment of $29.84 on October 27, which is equal to the five-day prorated amount of his monthly rate of $185. A full payment of $185 was made on November 4, which presumably was the November payment; therefore, the $29.84 was most likely a prorated payment for the portion of October that he occupied the unit. Thus, the informant could have visited the unit at most one and one-half months before the search warrant was executed.